NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wadjalawgroup.com
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

'22CV0426 GPC MSB

| | |
|---|---|
| SALLIE M. ESCOBEDO,<br><br>    Plaintiff,<br><br>v.<br><br>KOHL'S, INC., and JOHN DOES 1-10,<br><br>    Defendant. | **COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**<br><br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

**NOW COMES** Plaintiff Sallie M. Escobedo ("Plaintiff"), by and through undersigned counsel, complaining as to the conduct of Kohl's, Inc. and John Does 1-10 (collectively referred to herein as "Kohl's" or "Defendant"), as follows:

**NATURE OF THE ACTION**

1. This is an action seeking redress for alleged violations of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 et seq., and the Rosenthal Fair Debt Collection Practices Ace ("RFDCPA"), Cal. Civ. Code §1788 et seq.,

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls."

1

*Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." Barr v. Am. Ass'n of Political Consultants, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Southern District of California, Defendant conducts business in the Southern District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of California.

## PARTIES

6. Sallie M. Escobedo is a natural person, over 18-years-of-age, who at all times relevant resided in Lemon Grove, California.

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant maintains its principal place of business at N56 W17000 Ridgewood Drive Menomonee Falls, Wisconsin 53051.

9. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

10. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

11. John Does 1-10 are third-party vendors who Defendant utilizes to assist Defendant in the collection of debts by consumers. The identities of John Does are unknown to Plaintiff at this time and will be identified through discovery.

**FACTUAL ALLEGATIONS**

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 0291.

13. At all times relevant, Plaintiff's number ending in 0291 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

15. Prior to the events giving rise to this action, Plaintiff applied and obtained an open line of credit with Defendant resulting in a past due balance ("subject debt").

16. Due to financial difficulty, Plaintiff fell behind on payments and amassed a past-due balance.

17. In or around January 2022, Defendant's began placing collection telephone calls to Plaintiff's cell phone attempting to collect the subject debt using prerecorded messaging technology.

18. As soon as the calls began, Plaintiff answered a call from Defendant, and requested it cease placing collection calls to her cellular phone.

19. Despite Plaintiff's request, Defendant continued its collection calls, including calls from the phone number (210) 346-2817.

20. In the calls that Plaintiff did not answer, Defendant would leave a pre-recorded voicemail requesting that Plaintiff calls Kohl's Department Store at 1-855-219-9472.

21. In total, Defendant has left nearly ten pre-recorded voicemails on Plaintiff's cellular telephone without her consent.

22. In the phone calls where Plaintiff was connected to a live representative after a prerecorded message, there was an approximate three-second pause in which Plaintiff was required to state "hello" several times.

23. From January 2022 through the present, Defendant placed no less than ten (10) collection calls to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease.

24. Upon information and belief all of the aforementioned calls were placed by John Does 1-10 on behalf of Defendant.

25. Defendant's incessant collection calls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unsolicited robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

26. Moreover, each time Defendant placed a telephone call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

27. Due to Defendant's refusal to honor Plaintiff's requests regarding the frequency of the calls, Plaintiff was forced to retain counsel to compel Defendant to cease its abusive collection practices.

## CLAIMS FOR RELIEF

**COUNT I: TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227 *ET. SEQ.*)**

28.     All paragraphs of this Complaint are expressly adopted and incorporated as though fully set forth herein.

29. The TCPA defines ATDS as "equipment which has the *capacity*—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

30. Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments.

31. Accordingly, the system employed by Defendant has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

32. As pled above, Defendant utilized a prerecorded voice that automatically played upon the call reaching Plaintiff's voicemail.

33. Upon information and belief, based on the lack of prompt human response during the phone calls placed to Plaintiff, Defendant used an automated dialing system to place calls to Plaintiff's cellular telephone.

34. Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing no less than 10 non-emergency calls and leaving 10 prerecorded voicemails, including but not limited to the aforementioned collection calls and voicemails, to Plaintiff's cellular telephone, utilizing an ATDS without Plaintiff's consent.

35. Any prior consent, if any, was revoked by Plaintiff's verbal revocation.

36. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

37. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

38. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

39. Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

40. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive $500.00 in damages for each violation.

41. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff, SALLIE M. ESCOBEDO, requests the following relief:

    a. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

    b. an award of $500.00 in damages to Plaintiff;

    c. an award of treble damages up to $1,500.00 to Plaintiff; and

    d. an award of such other relief as this Court deems just and proper.

**COUNT II: ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §1788)**

42. All paragraphs of this Complaint are expressly adopted and incorporated as though fully set forth herein.

43. Plaintiff is a "person" as defined by Cal. Civ. Code §1788.2(g).

44. Defendant is a "debt collector" as defined by Cal. Civ. Code §1788.2(c) because it regularly engages in debt collection in its ordinary course of business.

    **a. Violations of RFDCPA § 1788.11(e)**

45. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(e), states that a debt collector may not communicate "by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."

46. Defendant violated the RFDCPA when it continuously called Plaintiff's cellular phone after she informed them she wanted the calls to cease. This repeated behavior of systematically calling Plaintiff's phone despite her demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would make a payment, even though Plaintiff had restarted payments on the subject debt. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing her.

47. Upon being told to stop contacting Plaintiff via telephone calls, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing phone calls to Plaintiff's cellular telephone.

48. As pled above, Plaintiff was harmed by Defendant's behavior.

49. Defendant's conduct in systematically placing unwanted calls to Plaintiff's cellular phone number is inherently harassing and abusive.

50. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant that she no longer wished to be contacted on her cellular phone.

**WHEREFORE**, Plaintiff, SALLIE M. ESCOBEDO, respectfully requests the following relief:

　　a. A finding that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act;
　　b. An award of actual damages;
　　c. An award of statutory damages;
　　d. An award of Plaintiff's reasonable attorney's fees and costs; and
　　e. An award of such other relief as is deemed just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demand a trial by jury.

Dated: March 31, 2022

1
2
3
4
5
6                                        Respectfully submitted,
7
8                                        By: */s/ Nicholas M. Wajda*
                                          Nicholas M. Wajda
9                                        WAJDA LAW GROUP, APC
                                      6167 Bristol Parkway, Suite 200
10                                      Culver City, California 90230
                                      Telephone: (310) 997-0471
11                                      Facsimile: (866) 286-8433
                                      Email: nick@wajdalawgroup.com
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28